The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CECELIA ROSE SANSONE, pro se,

    Plaintiff,

v.

REALNETWORKS, INC.,

    Defendant.

Case No. C09-0119 MJP

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant's motion for summary judgment. (Dkt. No. 20.) The Court has reviewed the motion, the response (Dkt. No. 24), the reply (Dkt. No. 25) and all documents submitted in support thereof. For the reasons set forth below, the Court GRANTS Defendant's motion.

**Background**

Plaintiff Cecelia Rose Sansone is a multi-media artist who asserts a claim for copyright infringement against Defendant RealNeworks. (Third Amend. Compl. ¶¶ 3-5.) This is Plaintiff's third lawsuit against RealNetworks.

Plaintiff's first suit, filed in the District of Massachusetts, asserted claims for (1) unauthorized wiretapping, (2) copyright infringement (including Sansone's song lyrics and "Leaping Lola" short story"), (3) invasion of privacy. (Ashbaugh Decl. Ex. A ¶¶ 7-9.) Upon

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 1
CASE NO. C09-0119 MJP

recommendation from Magistrate Judge Kenneth Neiman, District Judge Michael Ponsor dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) because it lacked any arguable basis in law or fact. (Id., Exs. C, D.) A few months later, Plaintiff filed a second suit against RealNetworks claiming copyright infringement. (Id., Ex. E (including infringement of song lyrics and a "Leaping Lola" short story).) On Magistrate Judge James P. Donohue's recommendation, this Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Id., Exs. F, G.) Magistrate Judge Donohue advised Plaintiff "of her responsibility to research the facts and law before filing a complaint in order to determine whether her claim for relief is frivolous." (Id., Ex. F at 2.)

On January 11, 2009, Plaintiff filed her third action against RealNetworks. (Dkt. No. 1.) The complaint alleges Defendant posted Plaintiff's intellectual property—including song lyrics, stories ("Leaping Lola"), poems, sculptures, and paintings—on their "SuperPass" website. (Third Amend. Compl. ¶ 5.) SuperPass is a subscription service that allows customers to access "Real Player software, MP3 downloads, Ad-free Radio, games, movies and on-demand television." (Parness Decl. ¶5.)

**Discussion**

I. Summary Judgment Standard

Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). However,

once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324. The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. Copyright Infringement

To sustain a claim for copyright infringement, a Plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991). The second element requires a Plaintiff establish infringement by "showing both access to the copyrighted material on the part of the alleged infringer and substantial similarity between the copyrighted work and the alleged infringing work." Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir. 1997).

Defendant claims it is entitled to summary judgment because "there is no evidence that Plaintiff's works are used, or even known, by RealNetworks." (Dkt. No. 20 at 7.) RealNetworks has submitted declarations indicating it has searched in vain for Plaintiff's works on the SuperPass site. (Parness Decl. ¶ 7.) Plaintiff response references her difficulties in accessing the SuperPass site, but she cites no specific instances of substantial similarity between her own work and content on SuperPass. (Dkt. No. 24 at 1, 3.) In other words, Plaintiff has failed to present any evidence that would show an issue of fact exists for trial. See Celotex, 477 U.S. at 323.

Further, Plaintiff's references to other suits by other parties against RealNetworks do not preclude summary judgment in this case. (Dkt. No. 24 at 2.) The information simply does not provide the Court with evidence that could plausibly substantiate Plaintiff's claims. Plaintiff's request for a continuance to allow her to "locate" intellectual property is also insufficient to avoid summary judgment. As Magistrate Judge Donohue informed Plaintiff, it is her responsibility to research facts that would substantiate a claim before filing a complaint. (Ashbaugh Decl., Ex. F.)

Because the Court has no evidence before it that would indicate infringement, Defendant's motion must be granted.

III. Plaintiff's Motion to for Leave to File

After briefing on the motion for summary judgment was complete, Plaintiff filed a motion for leave to file an additional declaration in opposition to Defendants' motion. (Dkt. Nos. 26, 27.) The proposed supplemental declaration offers additional statements of fact and seeks relief under Fed. R. Civ. P. 56(f). (Proposed Sansone Decl. ¶ 10(d).) The proposed declaration neither creates a material issue fact nor presents good cause for a 56(f) continuance; therefore, the motion for leave to file must be denied as futile.

First, the proposed declaration offers no facts indicating substantial similarity between Plaintiff's work and the contents of SuperPass. (Proposed Decl. ¶¶ 3-9.) Second, Plaintiff has not borne her burden under Rule 56(f) of showing that the evidence she seeks actually exists. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (Rule 56(f) denial appropriate where the sought-after evidence is "the object of pure speculation"); see also Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881 (9th Cir. 1996) (denial of 56(f) motion appropriate where movant requested additional discovery to search for evidence that "may exist"). Plaintiff submits she needs time to "complete the search for the work listed in my Third Amended

Complaint." (Proposed Decl. ¶ 10(d).) Plaintiff's description of proposed additional fact discovery is the type of speculation expressly rejected by the Ninth Circuit. Moreover, it appears as if Plaintiff has not complied with Magistrate Judge Donohue's directive to research some facts before filing a complaint.

In sum, Plaintiff's proposed additional declaration would be futile because it does not provide grounds for a Rule 56(f) continuance. Plaintiff's motion for leave to file is denied.

**Conclusion**

The Court reminds Plaintiff that it is her responsibility to research the facts and the law before filing a complaint. If Plaintiff files another frivolous action, she may be sanctioned. See Fed. R. Civ. P. 11. Furthermore, Plaintiff may be barred from proceeding before this Court if she files numerous frivolous complaints. DeLong v. Hennessey, 912 F.2d 1144, 1146-48 (9th Cir. 1990).

Plaintiff has failed to carry her burden of presenting evidence that would create an issue of fact on the question of infringement. Defendant's motion for summary judgment (Dkt. No. 20) is GRANTED and Plaintiff's complaint is DISMISSED. Plaintiff's motion for leave to file (Dkt. No. 26) is DENIED. Judgment shall be entered in favor of Defendants. The Clerk is directed to transmit a copy of this Order to all counsel of record and mail a copy to Plaintiff.

Dated this 18th day of September, 2009.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge